1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, CA 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Plaintiff and Chapter 7 Trustee,
   RICHARD MARSHACK

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| 10  In re | Case No.: 8:15-bk-12496-TA |
| 11  JANA W. OLSON | Chapter 7 |
| 12      Debtor | Adv. No.: |
| 13  RICHARD MARSHACK, Chapter 7 Trustee, | COMPLAINT FOR: |
| 14 | (1) BREACH OF NOTE; |
| 15      Plaintiff, | (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS |
| 16  v. | |
| 17  ELLIOTT G. STEGIN, an individual, | [11 U.S.C. §§ 108, 541, 544, 548, 550, 551, and Cal. Civ. Pro. §§ 3439.04, 3439.05, *et al.*] |
| 18      Defendant. | |
| 19 | |

20  TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE,

21  THE DEFENDANT, AND ALL INTERESTED PARTIES;

22      Richard Marshack, in his capacity as Chapter 7 Trustee for the above-entitled estate

23  ("Plaintiff" or "Trustee"), files this Complaint against Elliott Stegin ("Defendant" or "Mr. Stegin"),

24  and alleges as follows:

25                    **Statement of Jurisdiction and Venue**

26      1.      On May 15, 2015 ("Petition Date"), a voluntary petition under Chapter 7 of Title 11 of

27  the United States Code ("Petition") was filed by Jana Olson ("Debtor" or "Ms. Olson").

28

1

COMPLAINT FOR BREACH OF CONTRACT AND AVOIDANCE, RECOVERY, AND PRESERVATION OF TRANSFERS
4829-7997-1912, v. 1/1253-010

1    2.    This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A) (matters

2    concerning the administration of the estate), (H) (proceedings to recover fraudulent transfers), and

3    (O) (other proceedings affecting the liquidation of the assets of the estate). If this adversary proceeding

4    is determined to be "noncore" or a *Stern*-claim, then Plaintiff consents to the entry of final orders or

5    judgments by the bankruptcy judge.

6    3.    This adversary proceeding is filed pursuant to 11 U.S.C. §§ 108, 541, 544, 548, 550,

7    and 551, and Cal. Civ. Code §§ 3439 *et seq.* (a proceeding to collect a note constituting property of the

8    estate and/or to avoid, recover, and preserve fraudulent transfer).

9    4.    Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy estate, is the sole and

10    exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

11    5.    This Court has jurisdiction over the above-captioned adversary proceeding pursuant to

12    28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in, arises under, and relates to

13    the bankruptcy case pending in the United States Court for the Central District of California, Santa

14    Ana Division, entitled *In re Jana W. Olson,* and assigned Case No. 8:15-bk-12946-TA.

15    6.    Venue properly lies in the Central District of California in that this adversary

16    proceeding arises in, arises, under, or is related to a case under Title 11 of the United States Code

17    pending in this District as provided in 28 U.S.C. §§ 1408 and 1409.

18    7.    Plaintiff is the duly appointed and acting Chapter 7 Trustee of the above-entitled estate

19    under 11 U.S.C. § 702.

20    8.    Plaintiff is informed and believes, and based thereon alleges, that the executed

21    promissory note was entered into in California.

**General Allegations**

23    9.    On June 25, 2013, Defendant executed a written promissory note ("Note") pursuant to

24    which he promised to repay $20,000.00 USD to Debtor. The Note states that:

25    . . . In lieu of receiving $20,000.00USD, Elliott G. Stegin will return the

26    principle [sic] plus 20% on or before 12 July 2013 US dollars.

27    A true and correct copy of the Note is attached as **Exhibit 1** and incorporated herein by reference.

28    10.    The Trustee is in possession of the original Note.

2

COMPLAINT FOR BREACH OF CONTRACT AND AVOIDANCE, RECOVERY, AND PRESERVATION OF TRANSFERS
4815-4091-3990, v. 1/1253-010

1      11.    Plaintiff performed all obligations and has not breached the Note.

2      12.    Debtor represents that Defendant has failed to repay any of the amounts due pursuant to

3 the Note and is in breach.

4      13.    Plaintiff alleges that as a result of Defendant's breach, the Estate has incurred damages

5 in the principal amount of $20,000, plus prejudgment interest as allowed by law.

6 **First Claim for Relief**

7 **(Breach of Contract)**

8      14.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in

9 Paragraphs 1 through 132, inclusive, as though fully set forth herein.

10      15.    The Note is a valid and enforceable written obligation.

11      16.    Defendant breached the Note by, among other things, failing to pay the principal

12 amount of $20,000 plus interest.

13      17.    Defendant's failure to pay Debtor is unjustified and has not been excused.

14      18.    With the exception of such terms and conditions as may have been excused, Debtor

15 performed each and every covenant and condition on her part to be performed under the Note.

16      19.    Defendant's breaches of the Note has damaged Debtor and the Estate in an amount to

17 be proven at trial but not less than $20,000 plus prejudgment interest.

18 **Second Claim for Relief**

19 **(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

20 **[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

21 **California Civil Code §§ 3439.04(a)(2)(A), (a)(2)(B), and 3439.05 *et seq*.]**

22      20.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in

23 Paragraphs 1 through 132, inclusive, as though fully set forth herein.

24      21.    During the four (4) year period prior to the Petition Date, Trustee alleges that Debtor

25 transferred the $20,000.00 to Defendant for less than reasonably equivalent value and while insolvent.

26 This transfer is referred to herein as the "Constructive Fraudulent Transfer."

27      22.    The Debtor was insolvent on the date of the Constructive Fraudulent Transfer or

28 became insolvent as a result of the Constructive Fraudulent Transfer, including:

3

COMPLAINT FOR BREACH OF CONTRACT AND AVOIDANCE, RECOVERY, AND PRESERVATION OF TRANSFERS
4815-4091-3990, v. 1/1253-010

a)   That at the time of each of the Constructive Fraudulent Transfer, Debtor was

engaged in business or in a transaction, or was about to engage in business or in

a transaction, for which any property remaining with the Debtor was an

unreasonably small capital; and/or

23.   Defendant knew or should have known that it did not give reasonably equivalent value

to Debtor in exchange for the Constructive Fraudulent Transfer. Defendant therefore did not take the

Constructive Fraudulent Transfer for value and in good faith.

24.   The Trustee may avoid the Constructive Fraudulent Transfer made (a) during the four

(4) year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code

§ 3439.04(a)(2)(A), (a)(2)(B), 3439.05, *et seq*.; and (b) during the two (2) year period prior to the

Petition Date pursuant to 11 U.S.C. § 548(a)(1)(B).

25.   The Trustee may recover all avoided Transfers or the value of the avoided transfers

pursuant to 11 U.S.C. § 550.

26.   The Trustee may preserve all avoided Transfers for the benefit of the bankruptcy estate

pursuant to 11 U.S.C. § 551.

## Prayer

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

**On the First Claim for Relief**

1.   For entry of a money judgment against Defendant for breach of the Note in the

principal amount of $20,000;

**On the Second Claim for Relief**

2.   That the Constructive Fraudulent Transfer be avoided pursuant to 11 U.S.C.

§ 548(a)(1)(B), Cal. Civ. Code §§ 3439.04(a)(2)(A), (a)(2)(B), and 3439.05;

3.   That Plaintiff recover the avoided Constructive Fraudulent Transfer or a money

judgment in an amount equal to the value of the avoided Constructive Fraudulent Transfer pursuant to

11 U.S.C. § 550;

4.   That all avoided Transfers be preserved pursuant to 11 U.S.C. § 551;

4

1

**On all Claims for Relief**

2        5.    For pre-judgment interest at the maximum rate allowed by law; and

3        6.    For such other and further relief as the Court may deem just and proper.

4

5    DATED: May 10, 2017           MARSHACK HAYS LLP

6

7                      /s/ D. Edward Hays
           By:_____

8                   D. EDWARD HAYS
               LAILA MASUD

9                   Attorneys for Plaintiff and Chapter 7 Trustee,
               RICHARD MARSHACK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

EXHIBIT  1



25 June 2013

In lieu of Receiving
$20,000.⁰⁰ USD,
Elliott G. Stegin
will Return the
principle plus
20% on or before
12 July 2013
US dollars.    signed on back

Elliott G. Stegin
Elliott G Stegin
6/25/13

Jane Olson
Jana Weekes Olsn
25 Jun 2013

EXHIBIT 1, PAGE 6